## BANK OF SCOTLAND V. BLISS *et al.*

1. On appeal from an order dissolving an injunction, a statement of the trial court, not embodied in the order, and made without notice to the party at whose instance said order was granted, certifying that the judge did not consider the evidence, but made the order solely on the ground that the complaint did not state facts sufficient to constitute a cause of action, is no part of the record, and cannot be considered.

2. An order dissolving an injunction will not be disturbed unless an abuse of discretion is disclosed by the record.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Hutchinson county.    Hon. E. G. SMITH, Judge.

Injunction.    From an order dissolving a temporary restraining order, plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*W. J. Hooper*, for appellant.

The certificate of the trial judge shows that in dissolving the injunction he did not consider the evidence, but granted the order for the sole reason that the complaint did not state facts sufficient to constitute a cause of action; and this question of law is reviewable.    Sandmayer v. Ins. Co. 2 S. D. 346, 50 N. W. 353; State v. Van Nice, 7 Id. 104, 63 N. W. 537; Schaetzel

v. City of Huron, 6 Id. 134, 60 N. W. 741; Champion v. Commissioners, 5 Dak. 532, 41 N. W. 739; Smith v. Dragert, (Wis.) 21 N. W. 46.

*Robert B. Tripp*, for respondent.

HANEY J.   This action was commenced by the service of a summons, complaint, and order of injunction.   On September 8, 1896, the court made the following order:   "The motion of the defendants in the above-entitled action to dissolve the injuction issued herein having heretofore been heard, and the court being now advised in the premises, it is ordered and adjudged that said injunction be, and the same hereby is, dissolved, set aside, and declared for naught; to which the plaintiff excepts, and its exception is allowed."   On the following day the judge of the First circuit appears to have signed the following statement or certificate, which is printed in the abstract:   "I hereby certify that in considering the motion and in granting the order dissolving the temporary injunctional order in the above entitled action I did not consider the evidence adduced, but granted the order for the sole reason that, in my opinion, the complaint does not state facts sufficient to constitute a cause of action.   Dated September 9, 1896.   [Signed] E. G. SMITH, Judge."   Counsel for plaintiff concedes that the ruling of a court upon a motion to dissolve an injunctional order is a matter of legal discretion, which will not ordinarily be disturbed on appeal, but contends that the foregoing certificate shows that such discretion was not excercised in this case. Respondents object to any consideration of the certificate, as being unauthorized, and not a part of the record.   This objection is well taken.   We are not aware of any provision of law authorizing certificates of this character.   A court's order cannot be thus substantially modified by the judge without notice to the party affected by such modification.   This court must review the ruling appealed from.   It has no more authority to consider this certificate than it would a letter from the circuit

judge, giving his reasons for the ruling, addressed to an attorney or to this court. Morrow v. Letcher, (S. D.) 71 N. W. 139. If plaintiff desired to have the reasons assigned therefor embodied in the order, or made a part of the court's decision, it should have moved the court to so modify its order. The record before us stands as if the certificate had not been given, and, as it fails to disclose any abuse of discretion, the order appealed from is affirmed.