BEATTY v. SMITH, Sheriff, *et al.*

A complaint by a lessor to restrain an execution sale of certain improvements on leased premises, as lessee's property, averring that the sheriff had given notice of the sale, and, unless restrained, would sell the improvements as personalty, and that they would be removed to complainants irreparable injury, and that it would be difficult to estimate such damages so as to afford complainant adequate relief, is insufficient to warrant an injunction, since, without averment of insolvency of the defendants, they will be presumed able to respond in damages for any injury that complainant may sustain.

(Opinion filed November 21, 1900)

Appeal from circuit court, Meade county. HON. JOSEPH B. MOORE, Judge.

Bill of James Beatty against John F. Smith, as sheriff of Meade county, and others, to restrain the sale of certain property under execution. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Charles C. Polk,* for appellant.

Buildings resting upon mud sills or frame structures directly upon the soil are fixtures thereto. Miller v. Waddington, 25 Pac. 688. A lessor, may, at his option, declare a lease terminated or for-

feited on account of the lessee's default.  Taylor landlord and tenant, 492;  Wells v. Manf. Nat. Gas Co., 5 L. R. A. 603.

When a tenant surrenders the premises to his landlord without reserving or removing the fixtures, he is understood as having dedicated them to the landlord.  Sweet v. Meyer, 3 S. D. 324;  Tyler Fixtures, 473.

The surrender of leased premises by operation of law vests the landlord with the title to any structures thereon.  Bedlow v. Dock Co., 2 L. R. A. 634;  Comp. Laws, § 3206;  Agate v. Laevenstein, 57 N. Y. 607;  Pugh v. Arton, L. R. 8 Eq. 626;  Davis v. Moss, 38 Pa. 346;  Whipley v. Dewey, 8 Cal. 36.

*Martin & Mason,* and *Wesley A. Stuart,* for respondent.

A mere trespass will not be enjoined as there is an adequate remedy at law for it.  1 High. on Inj., 120, 367; 1 Spell on Ext. Rem. § § 165, 197;  10 Am. and Eng. Ency, law, 808;  Lazzell v. Garlow, 30 S. E. 171.

A motion to dissolve a preliminary injunction does not admit complainant's conclusions of law.  Burlington v. Dey, 82 Ia. 312.

When a tenant by lease is entitled to remove buildings at the end of his lease he is entitled to a reasonable time after the termination of the lease to do so.  12 Am. and Eng. Ency. Law, p 694;  Wright v. McConnell, 30 S. W. 908;  Copeton v. Stege, 15 S. W. 870;  Davidson v. Crump, 58 N. W. 475;  Atkinson v. Dixon, 10 S. W. 162;  Lewis v. Ocean, 26 N. E. 301.

The construction of a contract does not depend upon what either party thought, but upon what they both agreed.  Bank v. Kennedy, 84 U. S. 19;  Benzinger v. Miller, 50 Ala. 206;  Knapp v. Simon, 49 N. Y. Sup. Ct. 17;  Brunheld v. Freeman, 77 N. C. 128;  Rankin v. Mining Co., 4 Mo. 78.

Words used in a contract, of a definite legal signification, must be understood in that sense.  Findley v. Findley, 11 Grat. 434.

Whatever fixtures a debtor has the right to remove from leased premises may be seized and severed by an execution debtor. 8 Am. and Eng. Ency. Law, 45; Walton v. Uray, 54 Ia. 531; State v. Bonham, 18 Ind. 231; Cresson v. Stuart, 17 Johns, 116; Gale v. Ward, 14 Mass, 351; Lamphere v. Lowe, 3 Neb. 131; Lermor v. Gorham, 5 Pick. 487.

CORSON, J. This is an appeal from an order vacating and dissolving an injunction order made on the 8th day of May, 1899. A demurrer was interposed to the complaint, and the motion to vacate and dissolve the injunction and the demurrer were argued together, but no order sustaining or overruling the demurrer seems to have been entered. We think we may assume that the demurrer was in effect sustained, as, in the argument on this appeal, counsel for the respondents take the position that the complaint did not state facts sufficient to constitute a cause of action, and from the fact that the motion to vacate and dissolve the injunction was granted. The allegations of the complaint may be briefly stated as follows: That the plaintiff was the owner of a certain tract of land in the city of Sturgis, containing about 23 acres, and known as "Beatty's Park;" that on the 1st of June, 1896, the plaintiff entered into articles of agreement with the Black Hills Exposition Company of Sturgis, S. D., a corporation duly organized and existing under the laws of this state, by which he leased and let said premises to said company for a certain period of each year for the period of 10 years, which more fully appears by the terms of said lease or articles of agreement containing the said covenants, attached to and made a part of the complaint; " that under the terms of said articles of agreement the said Black Hills Exposition Company erected upon said land certain buildings, consisting of one row of open frame stock sheds,

one row of open box stalls, one octagonal exhibit building, one row of box stalls, a mile of fence more or less, surrounding on both sides the race course referred to in the said articles of agreement, and a mile, more or less, of other fencing, one beer-hall building, with a counter therein permanently affixed thereto by nails, one grand-stand building, and other buildings and refreshment stands, all of which said buildings, stands, and fences rest upon said land, and are permanently affixed thereto by means of posts inserted in the ground or stone foundations built thereunder, and have become an integral part of said land; that in order to prepare said ground for said buildings, and for the building of the race course referred to in said articles of agreement, this plaintiff, in view of and relying upon the revenue that he would receive from the use of said grounds and all of said buildings during the term of ten years, the term of said lease, removed certain valuable trees and allowed certain valuable trees and shrubbery to be removed from said land, and allowed about four acres of excellent garden ground, prepared for gardening pur-poses at great expense to the plaintiff, to be appropriated to the uses of the said exposition company, and allowed a race course to be made on the best and most fertile part of said land, and otherwise suffered great inconvenience and incurred great expense; that this plaintiff has complied with all the terms and covenants of said lease, but the exposition company has failed to comply with said terms and cove-nants of said lease, by neglecting and refusing to pay the rent stipu-lated for the season of 1898; that all of said buildings are large and bulky, the grand stand being 100 feet in length by 50 feet in width, and the said octagonal exhibit building being 60 feet in diameter, and none of said buildings and fences could be removed from said premises with-out being torn down, and without great injury to said premises;

and that the removal of said buildings, fences, etc., would destroy the character of said premises as a fair ground, and render them useless for the purpose of holding fairs, exhibitions and expositions." The complaint then alleges that defendant Smith is the duly qualified and acting sheriff of Meade county, and that, acting under the authority of an execution in his hands, issued out of the circuit court in and for Meade county upon a judgment in an action wherein George W. Mumford was plaintiff and said exposition company was defendant, he entered the said premises of the plaintiff, and made a pretended levy upon the said buildings as the personal property of said company, and has advertised the same to be sold at public auction to satisfy said judgment, and that defendant, unless restrained by order of the court, will proceed to sell said buildings as personal property; and that the same will be torn down and removed, to the great and irreparable injury of plaintiff. A copy of the notice of sale is annexed to the complaint, and made a part thereof. He further alleges that it would be extremely difficult to estimate the compensation in damages that would afford plaintiff adequate relief and that plaintiff has no adequate and speedy remedy at law, and plaintiff prays that said defendant may be enjoined from selling or otherwise interfering with the property. The complaint was duly verified by the plaintiff, and supported by an affidavit of a third party. Upon this complaint and affidavit, a restraining order was granted, and, upon motion made by the defendant upon the complaint and affidavits of the respective parties the same was dissolved.

The first question presented, and the only one we shall discuss, is does the complaint state facts sufficient to entitle the plaintiff to an injunction? It is contended on the part of the respondents that the complaint contains no equity, for the reason that it states no facts showing that plaintiff has not a plain, speedy, and adequate remedy

at law, or that his damages will be irreparable and that, on the contrary, it affirmatively appears that plaintiff's alleged title is such as can be established by a court of law, and that his damages are such as naturally flow from an ordinary case of trespass, and are to be estimated by the settled rules of damage applicable to actions at law, and that there was no allegation of the insolvency of the defendants. The appellant's contention is that as by the terms of the lease it is provided that the exposition company may erect buildings upon the premises, and remove the same at the expiration of the lease, which was specified therein to be in ten years, neither the exposition company nor any purchaser at a sale made by a judgement creditor would have the right to remove said buildings before the expiration of the lease, and that by the terms of the lease or contract the plaintiff had a right to use said buildings at all times except when the exposition company found it necessary to use them for exposition purposes, and that by the removal of these buildings the plaintiff would be deprived of their use during the rest of the term, and that it would be impracticable to estimate and prove in an action at law the amount of damages that he might sustain.  Appellant further contends that, as the exposition company failed to pay the rent when due, it forfeited all right to the buildings and improvements placed thereon, and that they thereby became absolutely the property of the plaintiff, and constituted a part of his realty.  In the view we take of the case, it does not become necessary to decide, and therefore we do not decide, as to the rights of the parties to these buildings and improvements under the terms of the lease.  It will be observed that the gist of the complaint consists in the allegation that the Black Hills Exposition Company has erected buildings and other improvements upon the leased land, and that the sheriff, under and by virtue of an execution issued upon a judgment in an action by one Mumford against the expo-

sition company, has given notice of the sale of the buildings and improvements, "and that the defendant, unless restrained by order of the court, will proceed to sell said buildings as personal property, and that the same will be torn down and removed, to the great and irreparable injury of the plaintiff," and, further, " that it will be extremely difficult to estimate the compensation in damages that would afford plaintiff adequate relief; that plaintiff has no adequate and speedy remedy at law." It is alleged in the complaint that the plaintiff incurred large expense and sustained damages, by reason of the removal of the trees and shrubbery, in preparing the ground for the erection of said buildings; but this allegation is not material, as it is not alleged that the defendants in any manner caused these expenditures, and it is not alleged that they threaten to interfere with the premises in any other manner than by the removal of the buildings. Though the plaintiff alleges that he would sustain irreparable damages by reason of the removal of these buildings, and that it will be difficult for him to prove the amount of damages that he may sustain, and that he has no adequate remedy at law, these are allegations of conclusions of law, and not of fact, and are not admitted by the demurrer, as whether or not he will suffer irreparable injury, be unable to prove the damages sustained, or has no adequate remedy at law, must be determined by the court upon the facts stated. There being no allegation of the insolvency of the defendants, if the improvements which the sheriff threatens to sell, and which it is claimed will be removed from the premises as personal property, in fact belong to the plaintiff—as to which we express no opinion—plaintiff could recover their value in a proper action at law. and the amount so recovered, in contemplation of law, would be sufficient to enable him to rebuild said buildings and replace said improvements, and we discover no difficulty in plaintiff's proving the damages he may sustain by the

removal of said improvements. This being so, and the title of the plaintiff to these improvements not having been determined by an action at law, we are of the opinion that, under the settled rules applicable to the granting of unjunctions, the plaintiff is not entitled to an injunction in this case. In other words, he will suffer no irreparable injury, and has an adequate remedy at law, as in the absence of any allegation of insolvency, the defendants are presumed to be solvent, and able to respond in damages for any injury the plaintiff may sustain by reason of the sale of said buildings and their removal from the premises.

The general rule is that courts of equity will not interfere to restrain by injunction trespassers upon real property, except in special cases, where a party has no adequate remedy at law, and the threatened injury will be irremediable. The code of civil procedure of this state embodies substantially the rule of courts of equity in injunction proceedings in section 4649, Comp. Laws, which reads as follows: "Except where otherwise provided by this title, a final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant: (1) Where pecuniary compensation would not afford adequate relief; (2) where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; (3) where the restraint is necessary to prevent a multiplicity of judicial proceedings; or (4) where the obligation arises from a trust." Mr. High, in his work on injunctions, says: In such cases the courts apply the familiar rule denying preventive relief by injunction when a sufficient remedy exists at law, and, if no sufficient reason is shown for not resorting to the remedy at law, the person aggrieved will be remitted to that remedy." High, Inj. § 120. In Le Roy v. Wright, 4 Sawy. 530, Fed Cas. No. 8,273, Mr. Justice Field, in discussing this question says : " The trespass threatened must be one going

to the destruction of the estate, such as the extraction of ores, the cutting down of timber, the digging of coals, and the like. The jurisdiction of the court in these cases is asserted for the preservation of the property pending proceedings at law for the determination of the title of the parties." Jerome v. Ross, 7 Johns. Ch. 332; West v. Walker, 3. N. J. Eq. 282; Kerlen v. West, 4 N. J. Eq. 452; U. S. v. Parrott, 1 McAll. 295, Fed. Cas. No. 15,998; Perry v. Parker, 1 Woodb. & M. 281, Fed Cas. No. 11,010. And Mr. High says: "The foundation of the jurisdiction rests in the probability of irreparable injury, the inadequacy of pecuniary compensation, and the prevention of a multiplicity of suits; and, where facts are not shown to bring the case within these conditions, the relief will be refused. Equity will not, therefore, enjoin a mere trespass to realty, as such, in the absence of any element of irreparable injury. * * * So, a trespass of a continuing nature, whose constant recurrence renders the remedy at law inadequate, unless by a multiplicity of suits, affords sufficient ground for relief by injunction." High, Inj. § 697. From the authorities it would seem that the threatened injury which the court of equity will enjoin is one going to the destruction of the substance of the estate, such as extraction of ores from mines, cutting down trees—especially fruit and ornamental trees—or injury to a dwelling house or other occupied building, or where the trespass complained of is repeated and continued, and may occasion a multiplicity of suits to recover damages, and in certain other special cases, not necessary to mention. In the case at bar the injury threatened does not go to the destruction of the estate, and is not one calculated to give rise to a multiplicity of suits, and is not one, as we have before stated, in which it would be impracticable to ascertain and prove the damages sustained, and is not one for which adequate compensation may not be recovered in an action at law. It is quite clear, therefore,

that no case is presented for the interposition of a court of equity by injunction. From these conclusions it necessarily follows that the complaint did not state facts sufficient to warrant the issuance of an injunction, and the demurrer should have been sustained, and the injunction order was properly dissolved. The order of the circuit court is affirmed.