## CLARK v. CITY OF DEADWOOD, et al.

The acceptance, by a city, of a license fee, imposed on a business conducted in a frame building within the fire limits, after the owner was bound, under a contract between him and the city, to remove the building, did not extend the time in which removal was required.

Under Pol. Code, § 1229, subd. 50, authorizing a city to prescribe limits within which wooden buildings shall not be erected, or repaired, without permission, a city having permitted plaintiff to erect a frame building within the fire limits, upon accepted conditions, and he having received the benefit of that permission, he cannot now question the city's authority to make the contract.

Injunction will not lie to enjoin a city from removing a frame building from the fire limits, since the owner has an adequate remedy at law for any damages sustained; the city not appearing to be insolvent.

The dissolution or continuance of a preliminary injunction rests largely in the trial court's discretion, the exercise of which will not be disturbed on appeal, in the absence of abuse.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Lawrence County. Hon. LEVI McGEE, Judge.

Action by Horace S. Clark against the city of Deadwood and another. From an order dissolving a restraining order, plaintiff appeals. Affirmed.

*Samuel C. Polley,* for appellant. *Norman T. Mason,* for respondents.

CORSON, J. This is an appeal from that part of an order of the circuit court of Lawrence county dissolving and discharging a temporary restraining order. The action was instituted by the the plaintiff to enjoin the defendant, the city of Deadwood, from removing or taking down a certain one-story frame structure, situated within the fire limits of the city of Deadwood. A temporary restraining order was issued upon the complaint, but upon the hearing the same was dissolved.

It is disclosed by the record that a contract was entered into between the city of Deadwood, the plaintiff, and one S. N. Cornwall, whose interest the plaintiff has acquired, permitting the erection of the said building, under and by the terms of which the owners of the building were required to remove the same on the 1st day of April, 1905. In the contract was the condition that, if the owners of said building should make application in writing to the city council of said city at least 30 days prior to the expiration of said contract for an extension of the period of the same, and such extension should be granted, then, in that event, the time for the removal provided for in the said contract should be extended upon the same terms and conditions specified in the said agreement, but taking effect at the date of the expiration of said extension, in lieu of the 1st day of April, 1905. On the hearing no extension of time was shown to have been granted on the part of the city, and thereupon the court dissolved the temporary restraining order. It is contended by the appellant that the extension of time was, in fact, granted as requested by the plaintiff, but that the city auditor failed to make the proper entry thereof in the city record, and that the city waived the stipulation as to time by receiving a license fee for several months subsequently to April 1st.

It is further contended by the appellant that, if in fact there was no extension or waiver of the time mentioned in the contract or application for the extension of time, the city council has no authority, under the law, to tear down or destroy the plaintiff's building. It is contended on the part of the city that, as the city possessed the power to prescribe the limits within which wooden buildings should not be erected or placed or repaired without permission, when the time for which permission had been given had expired, the city had the right to require said building to be removed, as provided by the terms of the contract, and upon the failure of the plaintiff to cause such removal upon due notice on the part of the city, the city had the right to tear down or remove the same. In the view we take of the case it will not be necessary, in this opinion, to determine the question as to the right of the city to cause the removal of said structure independently of the contract, and we therefore express no opinion upon that question.

By subdivision 50 of section 1229 of the Political Code it is provided that the city council shall have power to "prescribe the limits within which wooden buildings shall not be erected or placed or repaired without permission." And respondents contend that, in granting such permission, it was competent for the city to limit the time the same should continue. It appears by the contract introduced in evidence that the city had granted to the plaintiff and his associate permission to erect said building, in which it was stipulated by the said city that "said structure should remain upon said lots until April 1, 1905, upon the conditions therein specified." It was further stipulated, on the part of the owners of said building, that in case they should fail to remove the same by the 1st day of April, 1905, in that event, said city should be authorized and empowered to remove said structure bodily, or tear it down and remove the material therein as said city might elect, the cost or removal of said building, in case the owners should fail to remove the same as thereinbefore stipulated, to be borne by the said owners as therein specified. It will be observed, therefore, that the plaintiff expressly stipulated that the city should have a right to remove the said building or tear the same down, at the expense of the owners, in case they failed to remove the same at the time specified, according to the stipulation in said agreement. The city on the hearing established the fact that it had served notice upon the plaintiff to remove said building, and that the plaintiff had failed to comply with such request, and, the plaintiff having failed to prove to the satisfaction of the court that any extension of time had been granted, the city clearly had the right, under the terms of the contract, to cause its removal.

The evidence introduced on the part of the plaintiff, tending to prove that the city had accepted a license fee of $10 per month, imposed upon the business carried on in said building, for several months subsequently to April 1, 1905, did not, in our opinion, have the effect of extending the time stipulated in the contract as to the removal of the building.

It is further contended by the appellant that, assuming there was no extension of time or waiver of the same, the city council had no right, under the law, to tear down or destroy the plaintiff's

building, that the contract between the city and the plaintiff was ultra vires, and therefore void from the beginning, and could not legally be enforced by the city council, as the statute prescribes when the city may destroy or remove a building, and that the case at bar does not come within any of the provisions of the statute upon that subject. But we are of the opinion that this contention is untenable, for the reason that, if the agreement between the city and the appellant should be deemed invalid as a contract, yet it was within the power of the city council to permit appellant to build or repair the structure in question within the fire limits of the city, and to limit the time as to the continuance of the said, structure. The city, therefore, having granted this permission to erect the building upon certain conditions, which were accepted and agreed to by the plaintiff, he, having received the benefit of that permission, cannot now be heard to question the authority of the city to make such a contract. The contention of the appellant that, under and by the terms of the contract, he and his associate were granted permission to erect the building, but the limitation under which the permission was granted was not binding upon the plaintiff, is clearly untenable. The city, however, contends that the permission having expired by limitation of time, and the appellant having consented that upon such expiration the city might remove the structure, should he himself fail to do so, the court could not properly grant an injunction, thereby modifying and changing the contract under which the permission was granted, and substitute the judgment of the court in the place of that of the city council in making the contract.

It is further contended on the part of the city that no case is presented that would warrant the court in granting an injunction: (1) For the reason that the alleged threatened trespass is not one coming within the class of trespasses that will be enjoined by a court of equity; (2) that there was no allegation or proof tending to show the insolvency of the city and that such an allegation is essential to be shown before the equitable powers of the court could be invoked. We are of the opinion that this contention on the part of the city is correct. In Beatty v. Smith, 14 S. D. 24, 84 N. W. 208, this court had occasion to review and examine the

powers of a court of equity in restraining trespass committed upon real property, and in that case this court said: "From the authorities it would seem that the threatened injury which the court of equity will enjoin is one going to the destruction of the substance of the estate, such as, extraction of ores from mines, cutting down trees—especially fruit and ornamental trees—or injury to a dwelling house or other occupied building, or where the tresspass complained of is repeated and continued, and may occasion a multiplicity of suits to recover damages, and in certain other special cases, not necessary to mention. In the case at bar the injury threatened does not go to the destruction of the estate, and is not one calculated to give rise to a multiplicity of suits, and not one, as we have before stated, in which it would be impracticable to ascertain and prove the damages sustained, and is not one for which adequate compensation may not be recovered in an action at law. It is quite clear, therefore, that no case is presented for the interposition of a court of equity by injunction." Clearly, in the case at bar, the threatened injury does not extend to the destruction of the estate, is not one calculated to give rise to a multiplicity of suits, and is not one in which it would be impracticable to ascertain and prove the damages, and is not one for which adequate compensation may not be recovered in an action at law.

It is disclosed by the record that the building in controversy, as before stated, was a frame wooden building, and was used for the purpose of a skating rink and dancing pavilion. There would be no difficulty, therefore, on the part of the plaintiff in proving the value of the building, or the damages sustained by him by its destruction, and in recovering from the city such value or damages which, in the absence of an allegation to the contrary, it must be presumed the city would be able to pay, in case the city should be held liable for damages. It is quite clear, therefore, that it was not a proper case in which a court of equity could be called upon to exercise its equitable powers. It also may be regarded as a well-settled rule that the dissolution or continuance of a preliminary injunction rests largely in the sound judicial discretion of the trial court, and its action will not be disturbed on appeal, unless the

record shows an abuse of such discretion. Bank of Scotland v. Bliss, 10 S. D. 178, 72 N. W. 406; Dickson v. Dows, 11 N. D. 407, 92 N. W. 797; 10 Enc. Pl. & Pr. 1029; 2 High on Inj. § 1467.

Under the facts, therefore, dislosed by the record in this case this court cannot say that there was any abuse of its discretion by the trial court in dissolving the restraining order, and the order of the circuit court is therefore affirmed.