FARRAR et al., Appellants, v. CHICAGO & N. W. RY. COMPANY et al., Respondents.

(163 N. W. 60.)

(File No. 4071. Opinion filed August 23, 1917.)

Injunction—Removal of Dilapidated Spur Tracks—Inconclusive Proof of Ownership—Irreparable Injury, Expense of Removing Machinery Over Tracks, Effect.

Where spur tracks to a smelting plant laid by defendant railway company under contract with the smelting company for use by it, had become unsafe for running trains by reason of

dilapidation, the smelting company not being at present a going concern, and the proofs as to plaintiffs being bona fide purchasers of the premiums without notice of railroad ownership of the tracks are so inconclusive as to render it more than doubtful that plaintiffs will sustain their position on the trial of that question upon the merits while the expense to which plaintiffs would be put in removing the machinery, etc., from the plant otherwise than over said tracks is such damage as is easily susceptible of measurement, and therefore not irreparable, **held**, that the trial court did not abuse its discretion in denying a temporary injunction.

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by John J. Farrar and Victor T. Jepsen, copartners, against the Chicago & Northwestern Railway Company and others, for an injunction against removal of certain spur tracks. From an order dissolving a restraining order and denying a temporary injunction, plaintiffs appeal. Order affirmed.

*Jeffers & Flavin*, for Appellants.

*A. K. Gardner*, for Respondents.

Appellants submitted that: If an applicant makes a showing in his complaint that he is the owner of and rightfully in possession of property, that some one else is by force and without warrant of law attempting to deprive him of such ownership and control, and that the injury to applicant will be certain, great and irreparable, cr that he is the party most likely to be injured by the refusal to grant the temporary restraining order, such refusal constitutes an abuse of discretion; and cited: In re Allison v. Corson, 88 Fed. 581; Huron Water Work v. Huron, 3 S. D. 610; First National Bank of Huron v. Crabtree, 18 S. D. 355. That where the party is in possession, under color of right, he is entitled to protection against interference with that possession until a superior title should be established, if it could be, in an appropriate action, and the defendant is not entitled to determine that matter for himself; citing: In re Pittsburg, S. & W. R. Co. v. Fiske, 123 Fed. 760; In re Zimmerman v. McCurdy (N. D.) 106 N. W. 125; In re American Can Co. v. Williams, 153 Fed. 882. · That a party in possession, under color of right, is entitled to protection of his property in specie, even though the amount of his damages can be ascertained and the trespasser be solvent; citing: In re Staples et al. v. Rossi (Idaho) 65 Pac. 67.

Respondents submitted that: Plaintiffs, by purchase of the real estate, did not acquire title to the tracks situate thereon; and cited: 2 Elliott on Railroads, Sec. 998; Baldwin Amer. R. R. Law pp. 96-99 and 117; Skinner v. Ft. Wayne Ry. Co., 99 Fed. 465; Mirick v. Bill (Dak.) 17 N. W. 268; Peet v. Dak. Ins. Co., 1 S. D. 462 at 473. That plaintiffs' complaint does not state facts sufficient to entitle plaintiffs to an injunction, and they have a plain, speedy and adequate remedy at law; citing: Beatty v. Smith, 14 S. D. 24; Clark v. Deadwood, 22 S. D. 233.

GATES, P. J. Claiming to be the owner of certain railway spur tracks laid upon the premises in Rapid City formerly known as the smelting plant of the National Smelting Company, the plaintiffs brought this action to enjoin the defendant from tearing up and removing the railway tracks from said premises, which the servants of the company were then engaged in doing. A temporary restraining order was issued at the time of beginning the action. At the hearing upon the application for a temporary injunction, the restraining order was dissolved, and the temporary injunction denied. Therefrom the plaintiffs appeal.

The only allegations in the complaint tending to show irreparable injury were that the removal of the tracks would cripple and injure and render the property worthless for the purposes for which it was constructed. If the smelting plant were a going concern, we think the injunction should and would have been granted, regardless of the question of ownership, because the tracks were laid under contract with the smelting company for the business of that concern. Upon the hearing it appeared by the affidavit of plaintiff Farrar that the property had not been used for smelting purposes for about 10 years, and that it was a failure for the purposes for which it was constructed, and that plaintiffs bought the said property, not intending to use it, with its present machinery, as a smelting property, but to remove the machinery therefrom and take it to property of plaintiffs, west of Rapid City, thus effectually negativing their allegations of irreparable injury set forth in the complaint. It also appeared from the evidence that the building and appurtenances were in a dilapidated, tumble-down, and abandoned condition; also that the tracks were so dilapidated as to be unsafe for the running of trains by the engines now in use by the company in that terri-

tory.   It further appeared that plaintiff had largely removed the machinery from the building to a plant for the production of lime situated in another part of the city, in which plant plaintiffs were interested.   It further appeared from Farrar's affidavit that a reason for desiring the tracks mantained (aside from the question of ownership) was:

"That the said machinery and property, so located upon the lands hereinbefore described, is heavy and bulky; that without the aid of the said spur track and railroad for the purpose of removing the said machinery, these plaintiffs will be forced to pay large sums of money, and the cost of moving the same to the said plant west of Rapid City will be greatly in excess of what it would be, could they move it out by rail."

Such a damage is easily susceptible of measurement, and is not irreparable.   Now, while it is not usual to contest the question of ownership upon the application for a temporary injunction, both parties did submit proof upon that issue.   The evidence offered convinces us that, while the company acquired no recorded right of way over the premises, the rails and track material, when placed, belonged to the defendant, and the proof that plaintiffs were bona fide purchasers of the premises without notice of such ownership in the railway company is so inconclusive as to render it more than doubtful that plaintiffs will sustain their position in a trial of that question upon the merits.   Moreover, it clearly appears that any damage that may accrue to plaintiffs, if they ultimately prove their contentions, is one that can be easily measured, and is therefore not irreparable.   In Beatty v. Smith, 14 S. D. 24, 84 N. W. 208, this court said:

"In the case at bar the injury threatened does not go to the destruction of the estate, and is not one calculated to give rise to mulitiplicity of suits, and is not one, as we have before stated, in which it would be impracticable to ascertain and prove the damages sustained, and is not one for which adequate compensation may not be recovered in an action at law.   It is quite clear, therefore, that no case is presented for the interposition of a court of equity by injunction."

In Clark v. City of Deadwood, 22 S. D. 233, 117 N. W.

131, 18 L. R. A. (N. S.) 402, this court, after quoting from the decision in Beatty v. Smith, supra, said:

"Clearly, in the case at bar, the threatened injury does not extend to the destruction of the estate, is not one calculated to give rise to a multiplicity of suits, is not one in which it would be impracticable to ascertain and prove the damages, and is not one for which adequate compensation may not be recovered in an action at law."

See, also, 14 R. C. L. 451, 453.

We are of the opinion that no good ground is shown for applying the legal proposition upon which appellants must and do rely to sustain this appeal, viz. that the trial court abused its discretion in denying the temporary injunction. Huron Waterworks Co. v. City of Huron, 3 S. D. 610, 54 N. W. 652; Bank of Scotland v. Bliss, 10 S. D. 178, 72 N. W. 406; Clark v. City of Deadwood, supra.

The order appealed from is affirmed.