STATE, EX REL. MARIA C. BEECHER, V. ELEAZER WAKELEY.

[FILED JANUARY 7, 1890.]

**Restraining Order: SUPERSEDEAS: MANDAMUS.** Chapter 27 of the Session Laws of 1889, providing for the execution of a supersedeas bond upon the dissolution of a temporary injunction, does not authorize the execution of such bond where, pending an application for the granting of a temporary order of injunction, a restraining order has been issued to the defendant for the purpose of restraining him from a commission of the act complained of until the application for the temporary injunction can be heard; and a writ of *mandamus* will not lie to a judge of the district court requiring him to fix the amount of such bond to be filed by a plaintiff where a temporary order of injunction is refused, notwithstanding a restraining order may have been formerly granted.

ORIGINAL application for *mandamus*.

*Wm. E. Healey,* and *Thos. D. Crane,* for relator, cited: 2 Joyce, Inj., 1304, 1305; 1 High, Inj. [2d Ed.], sec. 3; 2 Id., secs. 1247, 1271, and citations; *Slayton v. Hulings,* 7 Ind., 144; *Armstrong v. St. Louis,* 3 Mo. App., 151; *Page v. Mayor,* 34 Md., 564; *Fremont v. Crippen,* 10 Cal., 211; *Babcock v. Goodrich,* 47 Cal., 508; *Cal. P. R. Co.*

*v. Cent. P. R. Co.*, Id., 531; *Price v. Riverside, etc., Co.*, 56 Id., 434; *People v. Judge*, 1 Mich., 361; *People, ex rel. La Grange, v. State Treasurer*, 24 Id., 469; *State v. Wright*, 10 Nev., 175; *State v. N. E. R. Co.*, 9 Rich. Law [S. Car.], 247; *People v. Hilliard*, 29 Ill., 413; *Miller v. Mayor*, 47 Ala., 163; Hilliard, Inj., secs. 1–5; 2 Kent Com., 546; *N. W. Mut. Ins. Co. v. Hotel Co.*, 37 Wis., 125; *Audenreil v. Phila. R. Co.*, 68 Pa. St., 375; 2 Story Eq. Jur. [13th Ed.], 873; *People v. Canal Appraisers*, 73 N. Y., 443.

*John L. Webster*, for respondent, cited: *Hicks v. Michael*, 15 Cal., 107; *Cohen v. Gray*, 70 Id., 85; 2 Daniel, Ch. Pr. [5th Ed.], 1666.

REESE, CH. J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of *mandamus* to the defendant. one of the judges of the district court of Douglas county, requiring him to fix the amount in which a supersedeas bond may be executed by the relator, for the purpose of securing a review of the decision of said judge upon a motion to discharge a restraining order previously made by him in an action then pending in said court in which the relator was plaintiff, and by which she sought an injunction to restrain the officers and agents of the city of Omaha, the Omaha Street Railway Company, the Omaha Motor Railway Company, and Hugh Murphy, from changing the grade of a street upon which relator's property abutted. It is shown by the record that the petition filed in that case was presented to the defendant with a request for an order granting a temporary injunction, when the following indorsement was made thereon by defendant:

"Upon reading the foregoing petition and verification thereof, it is ordered that the hearing of a temporary in-

State, ex rel. Beecher, v. Wakeley.

junction be set for the 30th day of October, 1889, at ten o'clock A. M., at the court room of the district court of said Douglas county, in the court house thereof, after two days' notice of the same to the defendants, and that in the meantime, and until the further order of this court, a restraining order be granted, as prayed in said petition, upon the plaintiff's executing an undertaking in the sum of $500 as required by law.

"Dated October 26, 1889.

"By the court:          ELEAZER WAKELEY,

"*Judge of the District Court of the said Douglas County.*"

The undertaking was executed and filed as required by the order above quoted. On the 4th day of November, 1889, the city of Omaha filed its answer, and on the 25th day of the same month the plaintiff filed her reply thereto. On the 11th day of November the cause came on for hearing, when the following order was made:

"On this day came on to be determined the application of the plaintiff for a temporary injunction, which at a former day of this term had been heard pursuant to the order of the court made on October 26, 1889, and taken under advisement, and the court being now fully advised in the premises, it is ordered that the said application be, and hereby is, overruled and denied; to which the plaintiff excepts.

"And that the restraining order, granted pending the said application, be, and hereby is, vacated; to which the plaintiff excepts.

"And thereupon came on to be heard the motion of the plaintiff, that the court fix and determine the amount of the supersedeas undertaking to be given herein, which motion is overruled; to which plaintiff excepts."

It is contended by plaintiff that the duty of fixing the amount of the supersedeas bond is imposed by chap. 27 of the Session Laws of 1889, the first section of which is as follows:

28

"Section 1. That in case of the dissolution or modification by any court, or any judge at chambers, of any temporary order of injunction which has been or may hereafter be granted, the court or judge so dissolving or modifying the order of injunction shall at the same time fix a reasonable sum as the amount of the supersedeas bond which the person or persons applying for said injunction may give and prevent the doing of the act or acts the commission of which was or may be sought to be restrained by the injunction so dissolved or modified."

Section 3 of the same chapter is as follows:

"Sec. 3. Such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined by the judgment, decree, or final order of the court * * ."

Section 253 and section 254 of the Civil Code in the chapter providing for injunctions are as follows:

"Sec. 253. If the court or judge deem it proper that the defendant or any party to the suit should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may in the meantime restrain such party.

"Sec. 254. An injunction shall not be granted against a party who has answered unless upon notice, but such party may be restrained until the decision of the application for an injunction."

The question now here presented is whether or not the restraining order which was allowed by the defendant, on the 26th day of October, pending the application for an injunction, the hearing of which was set for a specified time, and for which notice was required to be given to the defendants in the action, was an injunction within the meaning of chapter 27 of the laws of 1889 above quoted.

In construing sections 253 and 254 of the Code, the con-

sideration of section 251 becomes necessary.   This section provides, in substance, that, if it appears by the petition that the plaintiff is entitled to the relief demanded, and that such relief or any part thereof consists in restraining the commission or continuance of some act the commission of which or continuation of which during the litigation would produce great or irreparable injury to the plaintiff, or when during the litigation it appears that the defendant is doing, or threatens, or is about to do, some act, in violation of the plaintiff's rights respecting the subject of the action, and which tends to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.

By the petition which was filed by the plaintiff in that action, the relief demanded was a perpetual injunction against the defendants therein, enjoining them from molesting the street.   The decree granting the injunction could not be rendered until upon final trial; but for the purpose of preventing the injury, it is provided that a temporary injunction may be granted for the purpose of restraining the commission of the act until the cause can be finally heard.   This temporary order of injunction was sought when the petition was presented to the defendant and the allowance thereof asked.   As shown by his indorsement upon the petition, he declined to grant the temporary injunction without notice having been served upon the defendants in the action and an opportunity given them to show cause why such injunction should not be granted. This course is provided for by section 253 above quoted, but as some time must necessarily be consumed in serving the notice and in preparing for the hearing of the application for the temporary injunction, the defendant, acting under the provisions of the latter clause of section 253, issued an order restraining the defendants from the commission of the act complained of pending the application for the temporary injunction.   This provision of the statute is intended for the protection of the rights of the plaintiff, prior

to the granting of the temporary injunction provided for by section 251, and while it in some degree partakes of the nature of an injunction, yet it is purely transitory and has not within itself the elements necessary for its continuance. Upon a decision either granting or refusing the temporary injunction, its vitality is gone, and it ceases to be binding upon the defendants in the action.

A question similar to the one here presented was before the supreme court of California in *Hicks v. Michael*, 15 Cal., 107, under a statute very similar to the sections of the Code above quoted, and in the opinion written by Chief Justice Field, in which the question was quite carefully considered, the same conclusion was arrived at as expressed herein, and in which it is said by the learned Chief Justice:

"It follows that no injunction was granted in the case, but expressly refused. The appeal, then, which plaintiff has taken, or proposed to take, is only from an order refusing an injunction, and the simple question is presented whether an appeal from an order of this character can operate to create an injunction or to prolong a restraining order until the ruling of the judge can be reviewed by the appellate court. It is clear that no such effect can be given to an appeal even when the most ample bond of indemnity is tendered. Where an injunction has been refused, there is nothing operative. A stay can only be sought of that which has an existence, and by its operation is supposed to work injury to the appellant."

It is contended by plaintiff that the California case is not authority here, for the reason that restraining orders are granted in that state without bond, and for the further reason that the writ of injunction is there in force, while the writ of injunction is abolished in this state. Where the order of injunction is not allowed at the commencement of an action, in this state, it partakes of all the essential elements of the writ of injunction, and it is provided by section 256 that the order shall be addressed to the party enjoined, and

State, ex rel. Beecher, v. Wakeley.

shall state the injunction, and be issued by the clerk. It is simply a matter of form and not of substance. The statutes of this state do not provide in terms for the execution of a bond of indemnity when a restraining order is issued, pending an application for an injunction, yet we have no doubt of the right, and indeed of the duty of a judge when granting a restraining order, to require that the party against whom the order is issued shall be indemnified against loss resulting therefrom. It is very clear that the legislature never intended to give the force and effect to a restraining order which attaches to an injunction when regularly allowed. It simply suspends proceedings until an opportunity can be given for the parties to be heard, and upon that hearing having been had, and a decision rendered upon the application, the whole force of the restraining order ceases by its own limitation. Any other conclusion would do violence to the intention of the legislature. If the contention of the plaintiff should prevail, it would enable a plaintiff in an injunction proceeding, upon a representation to a judge, by a petition, and such other methods as might be adopted, that great and irreparable injury would result from a failure to issue an immediate injunction, to procure the restraining order mentioned by the statute, and then, in spite of the judge and the court before which the case was heard, and even over an order directly refusing to grant an injunction, prevent the commission of the act until the case could be finally heard in the appellate court, which was clearly not the purpose of the act of 1889.

The writ is therefore denied.

WRIT DENIED.

THE other judges concur.