[No. 13469.   Department One. — June 10, 1891.]

## JOHN T. PORTER, APPELLANT, v. A. J. JENNINGS ET AL., RESPONDENTS.

INJUNCTION — DISCRETION — APPEAL. — An order granting or dissolving an injunction is a matter of discretion with the trial court, and will not be reviewed by the appellate court except where an abuse of that discretion appears; but where an abuse of discretion appears, the order will be reversed.

ID. — RESTRAINING SALE UNDER EXECUTION AGAINST GRANTOR — DENIAL OF EQUITIES — DISSOLUTION — ABUSE OF DISCRETION. — Injunction is the proper remedy where one claiming to be the owner of a tract of land, purchased in good faith for a valuable consideration, in the actual possession thereof, seeks to prevent its sale under execution against his grantor; and a dissolution of a restraining order in such case does not follow from an answer denying the equities of the complaint. Such dissolution is an abuse of discretion.

ID. — TEMPORARY INJUNCTION — OBJECT OF SUIT — PRESERVING RIGHTS OF PLAINTIFF — DEFENDANT NOT PREJUDICED. — Where the principal relief sought in the action is to obtain an injunction restraining an execution sale, and the denial of a temporary injunction is equivalent to a dismissal of the action, and the granting of it cannot prejudice or imperil the rights of the defendant, the temporary injunction should be granted and continued until the hearing, notwithstanding an answer denying the equities of the complaint.

ID. — PLEADING — ANSWER — DENIAL OF EQUITIES — INFORMATION AND BELIEF. — Denials in the answer, upon information and belief, are not such denials as will serve as the basis of a motion to dissolve a temporary restraining order on the ground that the equities of the bill are fully denied by the answer.

APPEAL from an order of the Superior Court of Santa Cruz County refusing to grant an injunction.

The facts are stated in the opinion of the court.

*A. S. Kittredge*, for Appellant.

The setting aside of the restraining order was, in effect, a refusal to grant the injunction. (*Hicks* v. *Michael*, 15 Cal. 109.) Injunction was the proper remedy in this case. (*Shattuck* v. *Carson*, 2 Cal. 588; *Guy* v. *Hermance*, 5 Cal. 73–75; 63 Am. Dec. 85; *Hickman* v. *O'Neal*, 10 Cal. 294; *Ford* v. *Rigby*, 10 Cal. 449; *Pixley* v. *Huggins*,

15 Cal. 133; *Englund* v. *Lewis*, 25 Cal. 357; *Thompson* v. *Lynch*, 29 Cal. 189; *Porter* v. *Pico*, 55 Cal. 166–176; *Archbishop* v. *Shipman*, 69 Cal. 591.) The denials in the answer upon information and belief are not such denials as will serve as the basis of a motion to dissolve an injunction on the ground that the equities of the bill are fully denied by the answer. (*Poor* v. *Carleton*, 3 Sum. 77, 78; High on Injunctions, sec. 1514.) The existence of doubt as to whether the real estate is properly subject to sale under execution constitutes sufficient ground to warrant a court in restraining an injunction against the sale. (High on Injunctions, secs. 1510, 1512, 1543.) Where the case as presented by the bill is one which seems to require investigation, and the effect of dissolving the injunction would be to place the property which is the subject of controversy beyond the control of the court in which the action is pending, and would be equivalent to a complete denial of the relief sought by the bill, the injunction will not be dissolved. (High on Injunctions, secs. 1509, 1605.) If the continuance of the injunction, even admitting defendant's answer to be true, cannot prejudice or imperil his rights, and, on the other hand, its dissolution might seemingly impair the rights of the complainant, the motion to dissolve upon coming in of the answer should not be allowed. (High on Injunctions, sec. 1511; *Van Mater* v. *Holmes*, 6 N. J. Eq. 593; *Hicks* v. *Compton*, 18 Cal. 210. See *Hunt* v. *Steese*, 75 Cal. 620.)

*Z. N. Goldsby*, for Respondents.

An order, in such a case as this, granting or dissolving an injunction is a matter of discretion. (*Payne* v. *McKinley*, 54 Cal. 532; *White* v. *Nunan*, 60 Cal. 406; *Rogers* v. *Tennant*, 45 Cal. 184; *Parrott* v. *Floyd*, 54 Cal. 534; *Efford* v. *S. P. C. R. R. Co.*, 52 Cal. 277; 2 High on Injunctions, 2d ed., p. 951, sec. 1467.)

GAROUTTE, J.—This is an action for a perpetual injunction to restrain Jennings, the sheriff of Santa Cruz County, from selling the land of plaintiff under an execution issued on a judgment in favor of defendant Cummings, against one William N. Cummings.

The complaint was full and complete.

The answer denied plaintiff's ownership, specifically averring that the deed from the execution debtor Cummings, to one Ketchum was in fact a mortgage, and that the deed from Ketchum to plaintiff conveyed no title.

Upon the filing of the complaint an order was made on defendants to show cause why an injunction should not be granted to stay proceedings pending the final determination of ·the suit, and a temporary restraining order was issued.

The matter was heard upon the complaint and answer, and upon a decree of the court made in the case of *Cummings* v. *Cummings,* which does not appear to be material.

The restraining order was set aside by the court, which was, in effect, a refusal to grant the injunction. (*Hicks* v. *Michael,* 15 Cal. 109.) From this order denying the application for an injunction *pendente lite,* plaintiff appeals.

The rule is so well established in this state that an order granting or dissolving an injunction is a matter of discretion with the lower court which this court will not review except where an abuse of that discretion is urged, that a citation of authority upon the question is useless labor.

Applying *this* well-established principle to the case under examination, can the action of the trial court be sustained?

The plaintiff claims to be the owner of a tract of land, purchased in good faith for a valuable consideration, in the actual possession thereof, and now seeks to prevent a sale under execution against the original grantor.

It is settled law in this state that injunction is the
proper remedy in this character of action, and that a
dissolution of the restraining order does not follow as a
matter of course upon the filing of the answer denying
the equities of the complaint.

Conceding that the denials in the answer of defend-
ants are complete and unobjectionable, still it would
seem, in the exercise of a sound discretion, the lower
court should have held the sale in abeyance until the
final disposition of the case upon its merits.

"Especially will this discretion be exercised where
fraud is the *gravamen* of the bill, or when it is apparent
to the court that a dissolution of the injunction would
result in greater injury and hardship than its continu-
ance to the hearing, or where it is apparent that by a
dissolution complainant would lose all the benefit which
would otherwise accrue to him should he finally succeed
in his cause. . . . . So where the case, as presented
by the bill, is one which seems to require investigation,
and the effect of dissolving the injunction would be to
place the property which is the subject of controversy be-
yond the control of the court in which the action is pend-
ing, and would be equivalent to a complete denial of the
relief sought by the bill, the injunction will not be dis-
solved."    (High on Injunctions, secs. 1508, 1509.)

"If the continuance of the injunction, even admitting
defendant's answer to be true, cannot prejudice or im-
peril his rights, and, on the other hand, its dissolution
might seriously impair the rights of complainant, the
motion to dissolve upon the coming in of the answer
should not be allowed."    (High on Injunctions, sec.
1511.)

"It is also held that where the injunction is not merely
ancillary to some other or principal relief sought by the
action, but is itself the principal relief desired, and its
dissolution would be equivalent to a dismissal of the ac-
tion, if a reasonable doubt exists in the mind of the

court whether the bill is sufficiently negatived by the answer, it is proper to refuse a dissolution, and continue the injunction to the hearing." (High on Injunctions, sec. 1512.)

"Thus in the case of an injunction against a sheriff's sale of real property under an execution, while a serious question is pending and undetermined as to whether the land is really subject to sale in satisfaction of the judgment, a motion to dissolve will not be granted, but the injunction will be continued to the hearing." (High on Injunctions, sec. 1543.)

It must be conceded that if plaintiff prove the allegations of his complaint at the trial, he will be entitled to a judgment of perpetual injunction; but then his judgment is a nullity; the calamity has befallen him; the horse has already been stolen; the sale has already been made; the relief has come too late; the cloud upon his title is an accomplished fact.

The judgment of the trial court in denying the injunction deprived plaintiff of all benefit of the right to which the law declares he is entitled. It is virtually dismissing the action because defendants deny plaintiff's right.

It is practically rendering judgment for defendants because they deny the allegations of the complaint.

In this case defendants could not have been prejudiced nor their rights imperiled by the granting of the injunction. The execution had been levied; the lien, if any, was secure; no injury, aside from delay (which a bond would fully satisfy), could result to defendants.

"To dissolve the injunction, and permit the plaintiff's farm to be sold under this judgment at sheriff's sale to the highest bidder, while a serious question is pending here whether it can be sold at all under the judgment, would be indiscreet." (*Van Mater* v. *Holmes*, 6 N. J. Eq. 593.)

In the case of *Hicks* v. *Campton*, 18 Cal. 210, the court

used the following language: "The rights of the defendants are protected by a bond, and no injury can result to them from a continuance of the injunction. The plaintiff has no security whatever, and the dissolution of the injunction leaves him at the mercy of the defendants. The granting and continuing of injunctions of this nature are to some extent matters of discretion, and this discretion should always be exercised in favor of the party most liable to be injured."

In the case of *Hunt* v. *Steese*, 75 Cal. 624, where the trial court refused an injunction *pendente lite* to restrain waste in an action of ejectment, this court said: "In all cases of this kind an injunction should be granted pending the determination of the issue as to ownership, unless it appears that the plaintiff's title is bad, or at least that there is no reasonable ground for the assertion of title by the plaintiff."

And again: "Not only should there be an answer to the merits, but it should be made reasonably certain by the pleadings and the affidavits that the attack upon the patent will be ultimately successful, or the injunction should be granted." And thereupon this court directed the lower court to issue the injunction.

To sustain respondents in this appeal would deprive appellant of all benefit which would accrue to him should he finally succeed in his cause, and would be a complete denial of the relief sought by the complaint.

The injunction prayed for is not merely ancillary to other relief; it is itself the principal relief desired, and its denial is equivalent to a dismissal of the action.

Upon the authorities heretofore quoted, and upon principles of sound reason and justice, we think an injunction should have issued pending the final judgment in the cause.

Certain allegations of the complaint are denied upon information and belief. While denials in this form are authorized by section 437 of the Code of Civil Procedure

as matters of pleading, and are sufficient to raise an issue, yet they are not such denials as will serve as the basis of a motion to dissolve an injunction on the ground that the equities of the bill are fully denied by the answer.

Judge Story says: "Such negation affords no presumption against the plaintiff's claim, but merely establishes that the defendant has no personal knowledge to aid it or disprove it." (*Poor* v. *Carleton*, 3 Sum. 77, 78; High on Injunctions, sec. 1514.)

The order refusing to grant the injunction should be reversed, and the trial court directed to issue the injunction asked for by plaintiff pending the final determination of the cause upon its merits.

PATERSON, J., and HARRISON, J., concurred.