BEERS, Appellant, v. CITY OF WATERTOWN, SOUTH
DAKOTA et al., Respondents.

(176 N. W. 149.)

(File No. 4654.   Opinion filed January 30, 1920.)

1.   Appeal—Order Denying "Temporary Restraining Order," Wheth-
er an Order Denying a "Temporary Injunction," Whether ap-
pealable.

There is a clear distinction between an order constituting a

temporary injunction, and one constituting a temporary restraining order; a "restraining order" being operative only until a hearing can be had upon an application for an injunction, while a "temporary injunction," is an order operative usually until final hearing of the case in which it is issued; the restraint the order purports to impose, and not the name given it, determines its true name and character.

2. **Injunctions—Order Granting Injunction Distinguished from Order to Show Cause and Temporarily Restraining—Hearing—Statute Misapprehension in Drafting Order.**

While under Sec. 2425, Rev. Code 1919, an injunction may be granted at commencement of the action or at any time thereafter, yet an order granting the injunction would not provide, as does the one at bar, for a hearing at which respondent "should show cause * * why the court should not issue a temporary restraining order, restraining and enjoining defendants, * * pending the trial * * or until the further order of this court," and further providing that until such hearing defendants "are hereby restrained and enjoined," etc.; the use of the term, "temporary restraining order," as used in said order, clearly disclosing that the party drawing same failed to distinguish a "temporary restraining order" from a "temporary injunction,"—what he clearly intended to seek upon return date of order to show cause.

3. **Injunctions—Granting Injunction, Statute Requiring Undertaking, Order to Show Cause With Meantime Restraining Order, Distinguished—Statutes—Recitals in Order, Designations by Counsel, Failing to Discriminate.**

Under Sec. 2427, Rev. Code 1919, providing that, upon granting an injunction, "the court or judge shall require a written undertaking," etc., held, that an order to show cause why an injunction should not be granted pending the litigation, and restraining defendant in the meantime, can be granted only under Sec. 2428, providing that if the court or judge deems it proper that defendant * * should be heard before granting the injunction, an order may be made requiring cause to be shown * * why the injunction should not be granted, and the defendant may, in the meantime, be restrained. So held, where the order appealed from was one to show cause "why the court should not issue a temporary restraining order, "restraining and enjoining defendants * * pending the trial of this action or until the further order of this court," and providing until such hearing defendants "are hereby restrained and enjoined," etc.; it also appearing that trial court in said order refers to the order it is vacating as "the temporary restraining order," and counsel refers to same as an order "temporarily restraining" and, a "show cause order," that

wherein counsel further refers to it as a "temporary restraining order and temporary injunction," he afiled to distinguish between the two kinds of orders; it further appearing that the notice of appeal is from an order "ordering that the temporary restraining order * * be * * set aside," and as an order "dissolving said temporary restraining order and injunction,"—again failing to distinguish between the two kinds of orders.

4. **Injunctions—Order to Show Cause Why "Temporary Restraining Order" Should Not Issue, With Meanwhile Injunction, Whether An Order "Vacating Injunction"—Recital of Order In Appeal Notice, In Order Fixing Undertaking.**

Trial court's order to show cause why "the court should not issue a temporary restraining order, restraining and enjoining defendants * * pending the trial of this action or until the further order of this court," and further providing that until said hearing defendants" are hereby restrained and enjoined" etc., is not an order "vacating an injunction;" and that appellant has not treated the order appealed from as one "denying an injunction" is shown by the notice of appeal, which recites that the order is one "ordering that the temporary restraining order * * "is hereby vacated and set aside, and further recites that the appeal is also from "said order dissolving said temporary restraining order" and a "temporary injunction" as being one and the same;; and by further proceedings on appeal (under Sec. 3160, Rev. Code 1919) in procuring an order fixing appeal undertaking, in which latter order the order appealed from is stayed instead of directing that "the injunction asked * * be allowed," as would be the order upon appeal from an order denying an injunction.

5. **Appeals — Appealable Order — Temporary Restraining Order, Whether Appealable—Statute—Office of Temporary Restraining Order, Power of Court.**

Under Subd. 3, Sec. 3168, Rev. Code 1919, designating among other orders, one dissolving an injunction as an appealable order, held, that an order to show cause why trial court should not issue "a temporary restraining order, restraining and enjoining defendants * * pending the trial of this action or until the further order of this court," and further providing that until said hearing, "defendants, * * are hereby restrained and enjoined," etc.—is not an appealable order; that whether an order vacating a temporary restraining order is appealable, is answered by the query: "Could the appellant have appealed if the trial court had made an order refusing to issue a "show cause order;" that the purpose of a temporary restraining order is merely to suspend proceedings until opportunity is given to inquire whether any injunction should be granted; its office is merely to preserve the status quo until a

hearing upon the question whether an injunction should be granted; and trial court, under Sec. 2428 Rev. Code 1919, would have had no power upon the determination of order to show cause, to make any order except one either granting or refusing the "temporary" or pendente lite injunction appellant was seeking; if it had granted an order restraining defendants during pendency of action, even though termed "a temporary order," it wonuld in fact have been a "temporary injunction," to support which would have required giving an undertaking; while the temporary restraining order would, without express order to that effect, terminate upon granting, or refusal of a temporary injunction; and appeal is dismissed.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by J. H. Beers against the City of Watertown, South Dakota, a municipal corporation, A. T. Hopkins as mayor of the city of Watertown, Brownie Mather as city auditor of the city of Watertown, and P. W. Reed and others as aldermen and members of the city council of the city of Watertown, to restrain defendants from issuing certain municipal bonds, and from advertising the same for sale, and for other relief. From an order of the circuit court vacating and setting aside an order to show cause why a temporary restraining order pending the litigation should not issue, and temporarily restraining and enjoining defendants, etc., plaintiff appeals. Upon motion to dismiss the appeal as one from a nonappealable order, appeal dismissed.

Isaac E. Congdon, and J. G. McFarland, for Appellant.

Arthur L. Sherin, for Respondents.

(1) To point one of the opinion, Appellant cited: Sand v. Peterson, 30 N. D. 171, 152 N. W. 271; 22 Cyc. 745-6; 14 R. C. L. 306; State ex rel Beacher v. Wakeley (Neb.), 44 N. W. 468; State v. Green (Neb.), 67 N. W. 163; Hicks v. Michael, 15 Cal. 107; San Diego Water Co. v. Pacific Coast Steamship Co., 101 Cal. 216.

WHITING, J. [1]. Respondent moves the dismissal of the appeal herein. The appeal is from an order of the circuit court. The sole question for our determination is whether the order appealed from is an appealable order under section 3168, Rev. Code 1919. If the order appealed from was an order vacating an injunction it was appealable. Was the order

vacated a temporary injunction, or a temporary restraining order? Between these two classes of orders there is a clear distinction, which appellant has failed to recognize. As was well said by the court in State v. Johnston, 78 Kan. 615, 97 Pac. 790:

"'Temporary injunction' and 'restraining order' are often used synonymously. Our statute and the better usage limits the meaning of 'restraining order' to such order as is operative only until a hearing can be had upon an application for an injunction, and of 'temporary injunction' to an order operative usually until the final hearing of the case in which it is issued. Code, § 241 (Gen. St. 1901, § 4688;) 8 Words and Phrases, 6902; 7 Words and Phrases, 6183, 6184; 11 Am. & Eng. Encyc. of Law, 345-349. The restraint which the order purports to impose, and not the name given to it, determines its true name and character. The order * * * enjoined the defendants until the further order of the district court or the judge thereof in the premises. It required no revocation, but expired upon the making of an order by the district court or judge. It was simply a restraining order."

This distinction is clearly pointed out upon the rehearing in Sand v. Peterson, 30 N. D. 171, 152 N. W. 272, also in San Diego v. Steamship Co., 101 Cal. 217, 35 Pac. 651; State v. Wakeley, 28 Neb. 431, 44 N. W. 488, and Wetzstein v. B. & M. Co., 25 Mont. 135, 63 Pac. 1043.

[2] Under section 2425, Rev. Code 1919, an injunction may be granted at the commencement of the action or any time thereafter. Appellant relies upon such section in support of his contention that the order before us is a temporary injunction. But an order granting an injunction would not provide, as the one before us did, for a hearing at which respondent should "show cause * * * why the court should not issue a temporary restraining order, restraining and enjoining defendants and each of them * * * pending the trial of this action or until the further order of this court," and further providing "that, until said hearing, defendants and each of them be, and they are hereby, restrained and enjoined," etc. The use of the term "temporary restraining order," as it was used in the said order, clearly discloses that the party drawing same

failed to distinguish "a temporary restraining order" from a "temporary injunction"—that which he clearly intended to seek upon the return date of the order to show cause.

The order to show cause did not provide for the giving of any bond before the restraining order should go into effect. Section 2427, Rev. Code 1919, provides that, upon granting an injunction, "the court or judge shall require a written undertaking," etc. It is only under section 2428, Rev. Code 1919, that a court is authorized to grant an order such as was granted. This section reads:

"If the court or judge deem it proper that the defendant, or any of the several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

If anything further is needed to demonstrate to a certainty that the order appealed from was understood to be a mere show cause order granted under section 2428, the restraining clause of which was a mere temporary restraining order, we have it in the various files presented by appellant on this motion. The circuit court, in the very order appealed from, twice refers to the order it is vacating as "the temporary restraining order." Counsel repeatedly refers to said order as a "temporary restraining order" and "show cause order." In his affidavit asking an order fixing bond on appeal he expresses a desire to "keep said temporary restraining order in force." It is true counsel, after the order was vacated, sometimes speaks of it as a "temporary restraining order and temporary injunction"; but by so doing he merely discloses more clearly that he failed to distinguish between the two kinds of orders. His appeal to this court, as shown by the notice of appeal, is from "that certain order * * * ordering that the temporary restraining order * * * 'be and the same is hereby vacated and set aside.'" In said notice, appellant further says that said appeal is also from "said order dissolving said temporary restraining order and injunction," again evidencing the fact that in his mind a "temporary restraining order" and a "temporary injunction" were one and the same.

[4]   It is perfectly clear that the order appealed from was

not an order "vacating an injunction." Appellant has not claimed that it could or should be construed as an order "denying an injunction," though perhaps it would be subject to such construction. Porter v. Jennings, 89 Cal. 440, 26 Pac. 965. That appellant has not treated the order appealed from as one "denying an injunction" is shown by the notice of appeal, by the proceedings taken under section 3160, Rev. Code 1919, to procure an order fixing the undertaking on appeal, by the order fixing such undertaking (which directed that, upon the giving of the undertaking, "the order setting aside and vacating the restraining order and temporary injunctional order is stayed upon said appeal," instead of directing that "the injunction asked * * * be allowed" as would be the order upon an appeal from an order denying an injunction), and by the terms of the undertaking itself.

[5] Is an order vacating a temporary restraining order appealable? It would seem that a complete answer to such question would be found in the query: "Could the appellant have appealed if the trial court had made an order refusing to issue a show cause order?" As stated in 22 Cyc. 745, the purpose of a temporary restraining order "is merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted." In other words, its office is merely to preserve the status quo until there can be a hearing upon the question of whether or not to grant an injunction— such order does not rise to the dignity of an injunction. In fact the trial court, under section 2428, Rev. Code 1919, would have had no power, upon the hearing and determination of the order to show cause, to make any order except one either granting or refusing the "temporary" or pendente lite injunction which appellant was seeking; if it had granted an order restraining defendants during the pendency of the action, no matter if it had been termed a "temporary restraining order," it would in fact have been a "temporary injunction" to support which would have required the giving of an undertaking. The temporary restraining order would, without any express order to that effect, terminate upon the granting or refusal of the temporary injunction. Hicks v. Michael, 15 Cal. 107; San Diego v. Steamship Co., supra; State v. Johnson, supra. The order purporting

to vacate a temporary restraining order is not an appealable order under section 3168, Rev. Code 1919. Wetzstein v. B. & M. Co., supra.

The attempted appeal is dismissed.