LINGENFELTER et al., Appellants, v. GEHRINGER et al.,
Respondents.

(178 N. W. 946.)

(File No. 4667.   Opinion filed August 16, 1920.)

1. **Appeals—Right of Appeal Wholly Statutory—Refusal to Hear Motion, Whether Appealable.**

   It has long been settled in this and other jurisdictions, that the right of appeal is wholly statutory, and exists in those cases only in which right is expressly given by statute; and without such authority, no appeal lies from refusal of court to hear or act upon a motion.

2. **Appeals—Injunction—Order to Show Cause, Refusal Of, Application For Temporary Restraining Order, Or For Pendente Order, Whether Appeal Lies—Function of Order—Statute.**

   The refusal of an application for an order to show cause why an injunction should not issue, is not an order refusing to grant an injunction, under Subd. 3, Sec. 3168, Rev. Code 1919, and is not appealable.   The function of an order to show cause is primarily to shorten time ordinarily required if formal notice of motion were resorted to, and such order is not in effect one refusing an injunction.

3. **Appeals—Dismissal of Appeal—Temporary Restraining Order, Pendente Order, Refusing Application For, Whether Appealable As "Affecting Substantial Right," Re Statute—Jurisdiction to Consider Appeal.**

   An order refusing to grant an order to show cause, either upon an application for temporary restraining order or upon one for pendente order, is not one "affecting a substantial right * * which in effect determines the action and prevents a judgment from which an appeal might be taken," within Subd. 1, Sec. 3168, Rev. Code 1919; and Supreme Court is without jurisdiction to consider such appeal; and appeal is dismissed.

   Whiting and Polley, J. J., dissenting.

Appeal from Circuit Court, Spink County.   HON. ALVA E. TAYLOR, Judge.

Action by E. D. Lingenfelter and others, against D. G. Gehringer and others, to enjoin defendants from paying out school funds for construction of a schoolhouse.   From an order refusing to grant an order to show cause in injunction, plaintiffs appeal. Appeal dismissed.

*Roy T. Bull,* and *W. F. Bruell,* for Appellants.

*Morris & Moriarty,* for Respondents.

(3)   To point three of the opinion, Appellants cited: Anderson v. Englehart, (Wyo.) 165 Pac., 572; Helms v. Gilroy, (Ore.) 26 Pac. 852; Perry Public Library v. Lobsitz, (Okla.) 45 L. R. A. (N. S.), 369.

SMITH, J.   Plaintiffs commenced an action against defendants as individuals and as officers of a school district of Spink county, seeking to enjoin defendants from paying out school funds for the construction of a schoolhouse under a contract alleged to be unauthorized and illegal.   A temporary restraining order and an order to show cause why a pendente lite injunction should not issue were granted at the commencement of the action. This injunction proceeding was dismissed at the hearing on the return day of the order to show cause.   No appeal was taken from this order of dismissal.   Shortly thereafter, plaintiff's complaint was amended; thereupon plaintiff's, upon affidavits, the contents of which are not material in the view we take of this appeal, made application to the trial court for an order requiring defendant to show cause why a temporary restraining order or a pendente injunction should not issue in said action.   From the formal written application presented to the trial court, it is not entirely clear whether plaintiffs are asking for a temporary restraining order, or an order to show cause why a pendente order should not issue, or demanding both.   But we do not find it necessary to consider that question, for the reason that this appeal is from an order wholly denying such application.

[1]   The decisive question is whether an appeal will lie from an order refusing to grant an order to show cause, either upon an application for a temporary restraining order or upon an application for a pendente order.   It has long been settled in this as in other jurisdictions that the right of appeal is wholly statutory, and exists in those cases only in which the right is expressly given by statute.   State v. Hueremann, 37 S. D. 37, 159 N. W. 398; Hayne, New Trial and Appeal, 981 (§ 188.)

[2]   Appellant contends that the refusal by the trial court of the application for an order to show cause why an injunction should not issue is, in legal effect, an order refusing an injunction, and is appealable under subdivision 3, § 3168, Revised Code 1919, authorizing appeals from orders which grant, refuse, modify, or

dissolve injunctions. The function of an order to show cause primarily is to shorten the time which would ordinarily be required if a formal notice of motion were resorted to. Section 2594, Rev. Code 1919; 2 Waite's Practice, 80.

The precise question here involved was before the Supreme Court of California in Grant v. Johnson, 45 Cal. 243. In that case an application was made for an order to show cause why an injunction should not issue to restrain the collection of taxes by a sale of land. Plaintiff appealed. The court held that:

"The refusal of an application for an order to show cause why an injunction should not issue is not 'an order * * * refusing to grant an injunction,' within the meaning of the second subdivision of section nine hundred and sixty-three of the Code of Civil Procedure, and therefore from such a refusal no appeal lies."

In Roby v. South Park Com's, 215 Ill. 200, 74 N. E. 125, it was held, as stated in the syllabus that:

"Unless authorized by statute there can be no appeal from the refusal of the court to hear or act upon a motion."

In Beers v. Watertown, 176 N. W. 149, this court held that no appeal would lie from an order granting or refusing a temporary restraining order. In that case reference was made to the case of Porter v. Jennings, 89 Cal. 440, 26 Pac. 965, where it was held that the temporary restraining order expired on the return day, and that an order, made on the hearing refusing the application, was in effect a refusal of an injunction pendente, from which an appeal would lie. In that case a full hearing was had upon the return to the order to show cause. Clearly that case does not sustain the contention that an appeal will lie from an order refusing to grant an order to show cause.

[3] Appellant further contends that the order appealed from was—

"an order affecting a substantial right * * * which * * * order in effect determines the action and prevents a judgment from which an appeal might be taken." Subdivision 1, §3168, Rev. Code 1919.

In Basche v. Pringle, 21 Or. 24, 26 Pac. 863, it was held that an order refusing to vacate a preliminary injunction was not an order affecting a substantial right, and did not determine the

action or suit, so as to prevent a judgment or decree therein, and was not appealable. The cases of Putnam v. Putnam, 2 Ariz. 383, 29 Pac. 652, are to the same effect.

In Kirby v. Drapeau, 34 S. D. 239, 147 N. W. 982, this court held that an appeal would not lie from an order discharging and canceling of record a notice of lis pendens, under subdivisions 4, § 462, Code Civ. Proc. 1903 (subdivision 4, § 3168, Rev. Code 1919), which authorizes an apeal from an order "when it involves the merits of an action or some part thereof. * * * "

In that case this court said:

"It is true that such a discharge of the notice may seriously affect the ultimate relief obtained by the party filing it, and it is true that it might have been wise for the Legislature to have specifically provided for an appeal from an order such as the one before us, just as it has specifically provided for appeals from certain orders (subdivisions 3, § 462, supra) ; yet it is for the Legislature, and not for the courts, to so provide."

We are clearly of the view that the order of the trial court, refusing appellants' application for an order to show cause, is not appealable under any of the provisions of section 3168, supra, and this court is without jurisdiction to consider the questions sought to be reviewed.

Whether mandamus might lie to require the trial court to issue an order to show cause, and upon the return day to enter an order granting or refusing the injunction sought, which would be an appealable order under subdivision 3, § 3168, supra, we are not called upon to consider at this time. Neither is it necessary to consider whether an order refusing an application for an order to show cause may be reviewed upon appeal from the final judgment, and appellants' right protected in the final judgment. If such an order may be reviewed uopn appeal from the final judgment, the Legislature, perhaps, did not act unwisely in not allowing an independent appeal.

The appeal is dismissed for want of jurisdiction.

POLLEY, J., dissents.

WHITING, J., not sitting.