#28289-aff in pt & rem-DG
**2018 S.D. 20**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

RONNIE HEDLUND, KAREN
HEDLUND, VIB ENTERPRISES,
LLC and LEIMBACH DEVELOPMENT,
LLC d/b/a/ ABC STORAGE YARD,                Plaintiffs and Appellants,

    v.

RIVER BLUFF ESTATES, LLC,                   Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
STANLEY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MARK BARNETT
Judge

* * * *

JAMES E. MOORE
ARON A. HOGDEN of
Woods Fuller Shultz &
  Smith, PC
Sioux Falls, South Dakota                   Attorneys for plaintiffs
                                            and appellants.


JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise,
  Sauck & Hieb, LLP
Aberdeen, South Dakota                      Attorneys for defendant
                                            and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2018
OPINION FILED **02/28/18**

GILBERTSON, Chief Justice

[¶1.]        Ronnie and Karen Hedlund, individually and on behalf of their

business VIB Enterprises LLC, and Leimbach Development LLC appeal the circuit

court's denial of their request for preliminary and permanent injunctive relief

against River Bluff Estates LLC.  The Hedlunds and Leimbach argue the court

erred in concluding an adequate legal remedy exists for an alleged increase in water

drainage from River Bluff's property.  The parties also dispute whether the court's

factual findings and legal conclusions issued after the injunction hearing are

conclusive as to further proceedings in this case.  And River Bluff argues the court's

decision is not appealable.  We affirm the court's denial of preliminary injunctive

relief and remand the case for further proceedings.

## Facts and Procedural History

[¶2.]        This case is a water-drainage dispute between adjoining landowners in

Fort Pierre.  The Hedlunds and Leimbach operate several commercial businesses on

their properties.  River Bluff Estates owns the adjoining property to the south, on

which it operates a housing development for manufactured homes.  In 1998, Ronnie

Hedlund installed a drainage ditch that runs across the Hedlunds' and Leimbach's

properties, just north of the property line shared with River Bluff.  And to the north

of that ditch lies Bass Drive, a road located entirely on the Hedlunds' and

Leimbach's properties.  The parties' properties are bordered to the east by

Highway 1806.  For purposes of water drainage, all properties at issue are

considered "urban" rather than "rural."

[¶3.]        In 1998 and 2005, River Bluff's predecessor in interest constructed an

embankment, referred to as the northern slope, near the property line.  The purpose

of constructing the northern slope was to create additional lots for the housing development. The northern slope is approximately 13 feet tall and is constructed of Pierre shale. It has a three-to-one grade without benching, compaction, or any drainage structures. No drainage study or compaction or density tests were conducted prior to the construction of the northern slope. Since taking possession of the property, River Bluff has added fill dirt to lots adjacent to the embankment on multiple occasions.

[¶4.]		River Bluff's predecessor also constructed another earthen structure, referred to as a wing dam, on the northwest corner of its property. The purpose of the wing dam was to protect the northern lots from drainage originating to the west by diverting that water onto the Hedlunds' and Leimbach's properties. The water diverted onto the Hedlunds' and Leimbach's properties would have normally drained onto River Bluff's property.

[¶5.]		Since the physical changes to River Bluff's property occurred, the Hedlunds' and Leimbach's properties have experienced an increase in drainage. An additional 4.6 acres of land that previously drained to the east or northeast of River Bluff's property now drains onto the Hedlunds' and Leimbach's properties. Water from the northern slope as well as from approximately half of the lots on the northern edge of River Bluff's property drain directly into the drainage ditch located on the Hedlunds' and Leimbach's properties. Additionally, rain events have caused soil to move downhill and deposit at the base of the slope, causing an encroachment of the slope onto the Hedlunds' and Leimbach's properties.

[¶6.]        On March 16, 2016, the Hedlunds and Leimbach filed a complaint against River Bluff, alleging nuisance (increased drainage) and trespass (encroachment of northern slope). The Hedlunds and Leimbach requested preliminary and permanent injunctive relief and damages. On June 15, the Hedlunds and Leimbach filed a motion that was premised on the same legal theories and that again asked the circuit court to "enter a preliminary and/or permanent injunction requiring . . . River Bluff Estates, LLC, [to] abate the nuisance that exists due to the uncontrolled drainage of surface water from its real property onto and across the [Hedlunds' and Leimbach's] real property."

[¶7.]        The circuit court held an evidentiary hearing on September 23 and October 6, 2016, to consider the Hedlunds and Leimbach's motion for injunctive relief. After receiving testimony and other evidence and conducting an on-site inspection, the court concluded the construction of the northern slope and wing dam altered the natural drainage in a manner that was "unreasonable and clearly intentional." However, the court denied injunctive relief because it concluded the Hedlunds and Leimbach had an adequate remedy at law. The Hedlunds and Leimbach argued the drainage problems could be remedied by installing a retaining wall for the northern slope on River Bluff's property and either expanding the existing drainage ditch or installing a storm sewer. In response, River Bluff argued the drainage problems could also be remedied by raising and moving Bass Drive on the Hedlunds' and Leimbach's properties. Presented with competing landscaping proposals, the court concluded that the parties were "simply arguing over which

side of the fence" should be landscaped and that in either case, monetary compensation would afford adequate relief.

[¶8.] On April 5, 2017, the circuit court entered findings of fact and conclusions of law regarding the Hedlunds and Leimbach's motion for injunctive relief. The court specifically found that the Hedlunds and Leimbach "show[ed] actual success on the merits of their nuisance and trespass claims" and that they "established a right to preliminary and permanent injunctive relief by a reasonable certainty in every regard except for showing that the problems cannot be remedied with money damages." But prior to entering a judgment, the court asked the parties to submit briefs on the question whether the court's findings would have any preclusive effect on future proceedings. The court concluded it had not decided the merits of the Hedlunds and Leimbach's complaint. Thus, the court entered an order that denied preliminary injunctive relief and declared its earlier findings and conclusions regarding the Hedlunds and Leimbach's demonstration of actual success on the merits to be "dicta."

[¶9.] The Hedlunds and Leimbach appeal. The parties raise the following issues:

> 1. Whether the Hedlunds and Leimbach have the right to appeal the circuit court's denial of preliminary injunctive relief.
>
> 2. Whether the circuit court erred by denying the Hedlunds and Leimbach's request for preliminary injunctive relief.
>
> 3. Whether the circuit court's factual findings and legal conclusions issued after the injunction hearing are preclusive as to the merits of the Hedlunds and Leimbach's request for permanent injunctive relief.

## Analysis and Decision

[¶10.]     *1.     Whether the Hedlunds and Leimbach have the right to appeal the circuit court's denial of preliminary injunctive relief.*

[¶11.]     As an initial matter, River Bluff argues this Court lacks jurisdiction to entertain the Hedlunds and Leimbach's appeal. River Bluff contends that the order appealed from in this case is an intermediate order and that the Hedlunds and Leimbach did not file a petition seeking permission to file an interlocutory appeal as required by SDCL 15-26A-13. According to River Bluff, "[t]he only ruling that is arguably appealable as a matter of right at this point is the [c]ircuit court's denial of [the Hedlunds and Leimbach's] motion for a preliminary injunction." In River Bluff's view, the Hedlunds and Leimbach's "claim to the remedy of injunction has not been refused" because the court determined that their entitlement to a permanent injunction has not yet been decided. The Hedlunds and Leimbach respond that they were not required to file a petition under SDCL 15-26A-13 because they have the right to appeal under SDCL 15-26A-3(5).

[¶12.]     The Hedlunds and Leimbach are correct. SDCL 15-26A-3(5) permits an appeal from the refusal of the remedy of "injunction." The remedy of "injunction is either temporary or permanent[,]" and a preliminary injunction is one type of temporary injunction. SDCL 21-8-1. Nearly a century ago, this Court held that the denial of a temporary injunction may be appealed as a matter of right. *Beers v. City of Watertown*, 42 S.D. 441, 444, 176 N.W. 149, 149 (1920) (applying S.D. Rev. Code § 3168 (1919)). There is no material distinction between SDCL 15-26A-3(5) and the

code provision at issue in *Beers*.[1]  Additionally, this view is consistent with authorities on SDCL 15-26A-3(5)'s federal counterpart, 28 U.S.C. § 1292(a)(1) (2012).  *See* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2962 (3d ed.), Westlaw (database updated Apr. 2017) (describing federal provision for appealing the refusal of an injunction as an "exception to the final judgment rule").

[¶13.] In light of the foregoing, SDCL 15-26A-3(5) authorizes an appeal from an order that refuses any injunction.  River Bluff acknowledges that the circuit court denied the Hedlunds and Leimbach's motion for a preliminary injunction.  Therefore, the Hedlunds and Leimbach's appeal was authorized under SDCL 15-26A-3(5), and they were not required to seek permission under SDCL 15-26A-13 to file an appeal.

[¶14.] ***2.*** ***Whether the circuit court erred by denying the Hedlunds and Leimbach's request for preliminary injunctive relief.***

[¶15.] The Hedlunds and Leimbach argue the circuit court erred by denying their request for preliminary injunctive relief.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249

---

1. S.D. Revised Code § 3168 (1919), which is materially indistinguishable from SDCL 15-26A-3(5), applied to temporary injunctions.  *Compare* SDCL 15-26A-3(5) ("Appeals to the Supreme Court from the circuit court may be taken as provided in this title from . . . [a]n order which grants, refuses, continues, dissolves, or modifies . . . the remed[y] of . . . injunction . . . ."), *with* S.D. Rev. Code § 3168(3) (1919) ("The following orders, when made by the court, may be carried to the supreme court: . . . 3.  When an order . . . grants, refuses, modifies or dissolves an injunction . . . .").

(2008); *accord Dacy v. Gors*, 471 N.W.2d 576, 579 (S.D. 1991). The court denied preliminary injunctive relief because it concluded the Hedlunds and Leimbach failed to establish the likelihood of irreparable harm. In the court's view, monetary compensation could afford the Hedlunds and Leimbach adequate relief. As explained below, while the court's reason for denying preliminary injunctive relief is incorrect, the Hedlunds and Leimbach have not established that reversible error occurred.

[¶16.] The circuit court's conclusion that monetary compensation can afford adequate relief for the drainage at issue in this case is incorrect. The competing landscaping proposals are not equivalent. Elevating Bass Drive, as River Bluff proposes, would not prevent River Bluff's increased drainage from entering the Hedlunds' and Leimbach's properties—it would merely prevent that drainage from penetrating farther into the Hedlunds' and Leimbach's properties than it already has. And if the water invasion is permitted to continue, even as limited by elevating Bass Drive, River Bluff could "obtain a property right by adverse possession" to at least a portion of the Hedlunds' and Leimbach's properties. *Hoffman v. Bob Law, Inc.*, 2016 S.D. 94, ¶ 11, 888 N.W.2d 569, 573. Thus, "an award of monetary [compensation] would not fix the underlying water drainage issue." *Strong v. Atlas Hydraulics, Inc.*, 2014 S.D. 69, ¶ 17, 855 N.W.2d 133, 140. In contrast, modifying River Bluff's property in the manner suggested by the Hedlunds and Leimbach would actually abate the alleged nuisance by preventing the drainage at issue. Because the court's conclusion that monetary compensation would afford adequate relief is premised on River Bluff's proposal's ability to

remedy the drainage, the inadequacy of River Bluff's proposal necessarily renders monetary compensation inadequate in this case.

[¶17.]     Moreover, this case is not simply a water-drainage case. While the Hedlunds and Leimbach allege River Bluff caused an increase in drainage on their properties, they also allege River Bluff caused the northern slope to physically encroach onto their properties. Because "no one should be permitted to take land of another merely because he is willing to pay a market price for it[,]" monetary compensation generally does not offer adequate relief in encroachment cases. *Hoffman*, 2016 S.D. 94, ¶ 11, 888 N.W.2d at 573 (quoting 1 Dan B. Dobbs, *Law of Remedies* § 5.10(4), at 816 (2d ed. 1993)). This case is no exception. Even if the Hedlunds and Leimbach elevated Bass Drive as proposed by River Bluff, such landscaping does nothing to remedy the northern slope's physical encroachment onto their properties.

[¶18.]     Even so, River Bluff contends the circuit court's conclusion is supported by *Magner v. Brinkman*, 2016 S.D. 50, 883 N.W.2d 74. In that case, two landowners filed an action alleging their neighbors artificially increased the amount of drainage reaching the landowners' property. *Id.* ¶ 1, 883 N.W.2d at 76. The landowners originally sought compensation for past damages and an injunction requiring the neighbors to reverse the drainage alterations. *Id.* ¶ 6, 883 N.W.2d at 78. After a jury trial on the issue of damages, the landowners "abandoned their request for an injunction ordering [the neighbors] to move their road and instead asked the court to order [the neighbors] to pay for preventive and corrective landscaping on [the landowners'] property." *Id.* ¶ 7, 883 N.W.2d at 78. The circuit

court granted the request and issued an injunction requiring the neighbors to reimburse the landowners. *Id.* ¶ 18, 883 N.W.2d at 82. This Court noted that "[b]ecause prospective damages may be measured by determining the reasonable and necessary cost of preventing future injury, [the landowners] could have simply sought this amount as future damages at the same time they sought the $55,000 for past damages." *Id.* ¶ 21, 883 N.W.2d at 83-84 (citations omitted). The Court concluded the landowners had an adequate legal remedy because "the injunction [was] no more than a simple money judgment for future damages imposed on [the neighbors] by substituting the court's coercive power for a jury verdict." *Id.* ¶ 21, 883 N.W.2d at 84.

[¶19.] River Bluff's reliance on *Magner* is misplaced. As discussed above, landscaping the Hedlunds' and Leimbach's properties would merely mitigate the effects of drainage received from River Bluff's property; such landscaping would not remedy either the water intrusion or the northern slope's physical encroachment. The same was true of the preventive landscaping at issue in *Magner*. *See id.* ¶ 7, 883 N.W.2d at 78 (describing proposed landscaping, which managed the increased drainage rather than preventing it). But in *Magner*, the plaintiffs voluntarily accepted the increased drainage and elected the remedy of damages (although improperly pursued via court order rather than jury verdict) in lieu of an injunction requiring the neighbors to abate the drainage. *See id.* ¶ 21, 883 N.W.2d at 83-84 (citing Restatement (Second) of Torts § 930 (Am. Law Inst. 1979)). Thus, instead of seeking an injunction to enforce their property rights—as the Hedlunds and Leimbach have done—the plaintiffs in *Magner* essentially consented to the transfer

of a drainage easement. *See* Restatement (Second) of Torts § 930 cmt.b.

Consequently, *Magner* is materially distinguishable from the present case.

[¶20.]        Although the Hedlunds and Leimbach are correct that what amounts

to a forced sale of property is not an adequate legal remedy for trespass and

nuisance, they have not demonstrated a basis for reversing the circuit court's

decision to deny their request for *preliminary* injunctive relief. As noted above, the

Hedlunds and Leimbach must prove they are "likely to suffer irreparable harm in

the absence of *preliminary* relief[.]" *Winter*, 555 U.S. at 20, 129 S. Ct. at 374

(emphasis added). In the context of a request for preliminary injunctive relief,

"irreparable harm is measured in terms of the harm arising *during the interim*

between the request for an injunction and final disposition of the case on the

merits[.]" *Jayaraj v. Scappini*, 66 F.3d 36, 40 (2d Cir. 1995) (emphasis added).

"[T]he irreparable injury in issue at the provisional stage is only that which cannot

be prevented by a later injunction after a more complete hearing . . . ." 1 Dobbs,

*supra* ¶ 17, § 2.11(2) n.2, at 253 n.2 (explaining Douglas Laycock, *The Death of the*

*Irreparable Injury Rule* 113 (1991)). Thus, "[o]nly when the threatened harm would

impair the court's ability to grant an effective remedy [after a trial on the merits] is

there really a need for preliminary relief." 11A Wright, *supra* ¶ 12, § 2948.1.

[¶21.]        In light of the foregoing, the Hedlunds and Leimbach have not

demonstrated the need for preliminary injunctive relief. The most recent

modifications to River Bluff's property alleged by the Hedlunds and Leimbach

occurred in 2005, and the Hedlunds and Leimbach notified River Bluff of their

concerns by at least 2011. So at this point, the drainage at issue has been ongoing

for years.  The Hedlunds and Leimbach do not suggest any imminent change in the status quo.[2]  More importantly, they do not explain how the remedial effect of a permanent injunction issued after a decision on the merits would be lessened in the absence of *preliminary* injunctive relief.  *See Jayaraj*, 66 F.3d at 39; 1 Dobbs, *supra* ¶ 17, § 2.11(2) n.2, at 253 n.2; 11A Wright, *supra* ¶ 12, § 2948.1.  So while the Hedlunds and Leimbach make a case for *permanent* injunctive relief, they do not offer any reason to conclude they will suffer irreparable harm prior to the disposition of the case on the merits.  Therefore, while the circuit court's reason for denying preliminary injunctive relief was incorrect, the Hedlunds and Leimbach have not established that the court's error is reversible.

[¶22.]   **3.**   ***Whether the circuit court's factual findings and legal conclusions issued after the injunction hearing are preclusive as to the merits of the Hedlunds and Leimbach's request for permanent injunctive relief.***

[¶23.]   The parties dispute whether the factual findings and legal conclusions issued by the circuit court at the conclusion of the two-day hearing on the Hedlunds and Leimbach's motion for injunctive relief are preclusive in regard to the request for a permanent injunction.  In its order, the circuit court stated that

> the determination of whether [the Hedlunds and Leimbach] are entitled to permanent injunctive relief and/or damages will be determined in a trial on the merits of those issues.  While the [c]ourt in its original [f]indings and [c]onclusions did comment on the strength of the evidence regarding nuisance and trespass, this was dicta and not an ultimate ruling on the demand for permanent injunction, inasmuch as no notice was given of a consolidation of the merits with the preliminary injunction.

---

2.   For example, there is no indication that the structures on their properties are one rainstorm away from being washed out by drainage from River Bluff or that the northern slope is about to collapse onto their properties.

The court's use of the word *consolidation* is a reference to SDCL 15-6-65(a), which states, in part: "Before or after the commencement of the hearing of an application for a preliminary injunction, the court may *order* the trial of the action on the merits to be advanced and consolidated with the hearing of the application." (Emphasis added.) The Hedlunds and Leimbach concede that the court did not order the consolidation of their requests for preliminary and permanent injunctive relief, but they contend that at the injunction hearing, the parties nevertheless litigated—and that the court decided—the merits of the request for permanent injunctive relief.

[¶24.]	Even if consolidation were possible in the absence of a court order, the circuit court correctly noted that it was precluded from deciding the merits of the Hedlunds and Leimbach's equitable claim for injunctive relief. The Hedlunds and Leimbach's equitable claim is premised on the same theories as their legal claim—i.e., nuisance and trespass. River Bluff demanded a jury trial on the Hedlunds and Leimbach's legal claim, and the right to a jury trial "cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S. Ct. 948, 957, 3 L. Ed. 2d 988 (1959) (quoting *Scott v. Neely*, 140 U.S. 106, 109-10, 11 S. Ct. 712, 714, 35 L. Ed. 358 (1891)).

> [I]f an issue common to both legal and equitable claims [were] first determined by a judge, relitigation of the issue before a jury might be foreclosed by res judicata or collateral estoppel. To avoid this result, . . . when legal and equitable claims are joined in the same action, the trial judge has only limited discretion in

> determining the sequence of trial[,] and "that discretion must, wherever possible, be exercised to preserve jury trial."

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334, 99 S. Ct. 645, 653, 58 L. Ed. 2d 552 (1979) (quoting *Beacon Theatres*, 359 U.S. at 510, 79 S. Ct. at 956). Indeed, SDCL 15-6-65(a) itself requires that it "be construed and applied to save to the parties any rights they may have to trial by a jury." Thus, the "legal claims involved in [this] action must be determined prior to any final court determination of [the] equitable claims." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S. Ct. 894, 900-01, 8 L. Ed. 2d 44 (1962); *see also, e.g.*, *Parklane Hosiery*, 439 U.S. at 334, 99 S. Ct. at 653; *Mundhenke v. Holm*, 2010 S.D. 67, ¶ 16, 787 N.W.2d 302, 306 ("[W]hen a case presents both a request for equitable relief and legal relief, the proper course of action is for the trial court to bifurcate the issues and try the equitable claims to the court and the legal claims to a jury.").

## Conclusion

[¶25.]     Under SDCL 15-26A-3(5), the Hedlunds and Leimbach have the right to appeal the circuit court's denial of their request for preliminary injunctive relief. Although the court erroneously concluded that monetary compensation would afford the Hedlunds and Leimbach adequate relief in this case, the Hedlunds and Leimbach nevertheless failed to demonstrate that they are likely to suffer irreparable harm prior to a final disposition of the case on its merits. Therefore, the Hedlunds and Leimbach have not demonstrated that the court's denial of their request for preliminary injunctive relief was reversible error. Finally, the court did not order the trial of the action on the merits to be consolidated with the hearing on the Hedlunds and Leimbach's request for preliminary injunctive relief. Moreover,

the court correctly acknowledged that because the Hedlunds and Leimbach sought legal and equitable relief, and because River Bluff requested a jury trial, the court was precluded from entering factual findings or legal conclusions that would have a preclusive effect on the merits of the Hedlunds and Leimbach's legal claims.

[¶26.]     We affirm the circuit court's denial of the Hedlunds and Leimbach's request for preliminary injunctive relief.  We remand the case back to the court for further proceedings on the Hedlunds and Leimbach's legal and equitable claims.  To preserve River Bluff's right to a jury trial, the Hedlunds and Leimbach's legal claims must be decided by a jury before the court decides whether to grant permanent injunctive relief.  *Dairy Queen*, 369 U.S. at 479, 82 S. Ct. at 900-01.

[¶27.]     SEVERSON, KERN, and JENSEN, Justices, and KONENKAMP, Retired Justice, concur.

[¶28.]     KONENKAMP, Retired Justice, sitting for ZINTER, Justice, disqualified.