GROTON INDEPENDENT CONSOLIDATED DISTRICT
NO. 1, BROWN COUNTY, Appellant, v. TOWNSEND,
County Superintendent, Respondent.

(209 N. W. 651.)

(File No. 6058.   Opinion filed July 6, 1926.)

**Appeal and Error—Injunction.**

> Order dissolving restraining order, which restrained defend-
> ant till hearing, but which neither granted nor denied the in-
> junction pendente lite which had been granted, held not appeal-
> able under Rev. Code 1919, § 3168.

Note.—See, Headnote, A m e r i c a n   Key-Numbered   Digest,
Appeal and error, Key-No. 100(2) 3 C. J. Sec. 402.

Appeal from Circuit Court, Brown County; HON. ROBERT D.
GARDNER, Judge.

Action by the Groton Independent Consolidated District No. 1,
Brown County, against Delo Townsend, as County Superintendent
of Schools. From an order dissolving a restraining order, plaintiff
appeals. Appeal dismissed.

*A. Clay Darling,* of Groton, for Appellant.

*Geo. W. Crane,* of Aberdeen, for Respondent.

GATES, P. J.   This is an action begun on May 29, 1925, to
enjoin the county superintendent of schools from declaring the
result of an election held to determine whether school district
17—2 should be withdrawn from plaintiff consolidated school dis-
trict, and to enjoin the superintendent from calling an election
pursuant to petition for the withdrawal of school district 17—1
from plaintiff district. On the same date an order to show cause
was issued, returnable on June 16, 1925, why the defendant should
not be enjoined from doing those things during the pendency of
the action. It was provided in the order that defendant be re-
strained until the hearing upon such order.

A hearing was had on the return day, and on June 20, 1925,
the trial court made an order dissolving and vacating the restrain-
ing order, but neither granted nor denied the injunction pendente
lite. Plaintiff appeals from that order.

The distinction between an injunction pendente lite and a
restraining order, made without notice and without bond until

the hearing upon an application for an injunction was fully explained in Beers v. City of Watertown, 42 S. D. 441, 176 N. W. 149, and it was held that an order such as the one now before us was not an appealable order under section 3168, Rev. Code 1919.

Pursuant to the authority of that case, the appeal is dismissed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J. CAMPBELL, J., not sitting.