DAIL, Plaintiff and Appellant v. CITY OF RAPID CITY, Defendant and Respondent

(216 N.W.2d 556)

(File No. 11278. Opinion filed April 1, 1974)

**Goodrich & Looby,** Pierre, for plaintiff and appellant.

**Ray E. Woodsend,** City Atty., Rapid City, for defendant and respondent.

WUEST, Circuit Judge.

This is an action in which the plaintiff sought an injunction and other relief to restrain Rapid City, the defendant, from paying funds to the Legal Aid Assistance Program, which program provided legal services for poor people in Rapid City. The court issued a show cause order requiring the defendant to show cause why it should not be restrained from paying any sums to the Legal Aid Assistance Program, and ex parte entered an order restraining the city from paying any money until a hearing could be held. The city filed a motion asking the court to dissolve the "temporary injunction" and a hearing was held. Upon completion of the hearing, the court made a statement saying the temporary restraining order would be dissolved and that the city could pay out the money. A formal order to this effect was entered more than a year later.

The plaintiff appeals from the order stating he appeals from the "Order Dismissing Plaintiff's Complaint". Obviously, the order did not dismiss the complaint. What the court did was dissolve the temporary restraining order. There is a difference between a temporary restraining order and a temporary or interlocutory injunction. SDCL 21-8-11 provides:

> "If the court or judge deem it proper that the defendant * * * should be heard before granting the interlocutory injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunction should not be granted, and the defendant may, in the meantime, be restrained."

In Beers v. City of Watertown, 1920, 42 S.D. 441 at 447-448, 176 N.W. 149 at 150, the court said:

"[T]he purpose of a temporary restraining order 'is merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted.' In other words, its office is merely to preserve the status quo until there can be a hearing upon the question of whether or not to grant an injunction—such order does not rise to the dignity of an injunction. In fact the trial court, under section 2428, Rev.Code 1919 (now SDCL 21-8-11), would have had no power, upon the hearing and determination of the order to show cause, to make any order except one either granting or refusing the 'temporary' * * * injunction which appellant was seeking; if it had granted an order restraining defendants during the pendency of the action, no matter if it had been termed a 'temporary restraining order,' it would in fact have been a 'temporary (or interlocutory) injunction' * * * which would have required the giving of an undertaking. The temporary restraining order would, without any express order·to that effect, terminate upon the granting or refusal of the temporary injunction. * * * The order purporting to vacate a temporary restraining order is not an appealable order * * *."

Accord: Groton Independent Consol. Dist. No. 1 v. Townsend, 50 S.D. 284, 209 N.W. 651. Therefore, the appeal is dismissed.

All the Justices concur.

WUEST, Circuit Judge, sitting for DOYLE, J., disqualified.